FILED
2017 Aug-28 AM 10:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| 3D-LIQ, LLC, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: 1:16-CV-1358-VEH** |
| | ) |
| MATTHEW WADE, in his official | ) |
| capacity as Sheriff of Calhoun | ) |
| County, Alabama; and LARRY | ) |
| AMERSON, individually, | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM OPINION

In this Court's Memorandum Opinion and Order dated February 24, 2017, this Court dismissed all claims against all Defendants. (Doc. 26 at 32). In doing so, it also held:

> Because the Plaintiff has failed to plausibly allege "a threat of future enforcement that may be remedied by prospective relief" [*Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1338 (11th Cir. 1999)], it has failed to allege a continuing violation of federal law, and the *Ex Parte Young* exception to Eleventh Amendment immunity does not apply. Count One is thus due to be dismissed as against Wade, who is sued in his official capacity only. However, since the Court raised this issue *sua sponte*, it will allow the Plaintiff to amend its complaint again to plausibly allege a threat of future enforcement, if it can do so.

(Doc. 26 at 21) (footnotes omitted). On March 16, 2017, the Plaintiff filed a "Second Amended Complaint," which did not correct the deficiency noted above. (Doc. 27).

For that reason alone, the Motion To Dismiss is due to be granted.

Furthermore, the Second Amended Complaint has dropped all claims for prospective injunctive relief, and now seeks only "preliminary and permanent injunctive relief requiring the Sheriff and those acting in concert or cooperation with him to return all of the bingo-related equipment seized on July 22, 2016." (Doc. 27 at 10, ¶54).[1] As noted by the Defendant in its motion (doc. 28 at 4-5), the Court has already held that this <u>exact</u> request for retrospective relief is barred by the Eleventh Amendment. (*See* doc. 26 at 24-25, and n. 10).

In its brief in response to the motion, the Plaintiff does not address the fact that the Court has already found that this relief is barred. Instead, it argues that it has satisfied the requirement of alleging "an ongoing and continuous violation of federal law," because it alleges "the Sheriff['s] continued possession of 3D's equipment." (Doc. 31 at 5-6). However, as noted in this Court's previous opinion, "'a plaintiff may not use the [*Ex Parte Young*] doctrine to adjudicate the legality of past conduct.'" (Doc. 26 at 15) (*quoting Summit Medical*, 180 F.3d at 1337)). The order the Plaintiff seeks from this Court would necessarily require it to invalidate the (past) taking of the property in the first place. Accordingly, the Court cannot grant the relief

---

[1] The Second Amended Complaint also seeks "attorneys' fees pursuant to 42 U.S.C. § 1988; and such other and further relief that this Court deems just and appropriate." (Doc. 27 at 10).

2

requested.[2]

Accordingly, for the reasons stated herein, and in this Court's Memorandum Opinion and Order of February 24, 2017 (doc. 26), the Motion To Dismiss will be **GRANTED**. A Final Order will be entered.

**DONE** and **ORDERED** this 28th day of August, 2017.

                                          **VIRGINIA EMERSON HOPKINS**
                                          United States District Judge

---

[2] The Plaintiff cites, and discusses in great detail, the Second Circuit's opinion in *Krimstock v. Kelly*, 306 F.3d 40 (2d Cir. 2002) (*see* doc. 31 at 7-11), a case which did not discuss Eleventh Amendment immunity. Accordingly, the court does not find it to be persuasive.